UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                CASE NO.: 8:13-cr-538-T-33AEP

NERENE ERICA HARRISON
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Nerene Erica Harrison's Motion in Limine to Exclude Certain Evidence (Doc. # 51), filed on July 11, 2014. The Government filed a response in opposition to the Motion on July 17, 2014. (Doc. # 54). Upon due consideration, and for the reasons stated below, the Court denies the Motion.

**I.   Background**

Defendant is charged with knowingly entering into a marriage for the purpose of evading immigration laws in violation of 8 U.S.C. § 1325(c) and 18 U.S.C. § 2. (Doc. # 1 at 1). The Government "intends to introduce evidence of [Defendant's] prior I-129 filing with USCIS (United States Customs & Immigration Service), which occurred on or about September 13, 2010." (Doc. # 51 at ¶ 2) (internal quotations omitted).

On July 11, 2014, Defendant filed the present Motion in Limine requesting that this Court exclude the abovementioned evidence, contending that the Government is unable to show "(1) a proper purpose for introducing the evidence; (2) that the prior act occurred and that the Defendant was the actor; and (3) that the probative value of introducing the evidence outweighs any prejudicial effect the evidence might have." (Id. at ¶ 15).

## II. Admissibility Standard

The Eleventh Circuit employs a three-part test to determine whether admitting evidence of a defendant's prior bad act is proper:

> First, the evidence must be relevant to an issue other than the defendant's character. Second, as part of the relevance analysis, there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act. Third, the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.

United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003); see also United States v. Matthews, 431 F.3d 1296, 1310-11 (11th Cir. 2005).

## III. Analysis

### A. I-129 Petition Constitutes Intrinsic Evidence

2

Intrinsic evidence to the crime charged includes: (1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense; (2) events necessary to complete the story of the crime; or (3) facts inextricably intertwined with the evidence of the charged offense. United States v. Edouard, 485 F.3d 1324, 1344 (11th Cir. 2007); United States v. McLean, 1138 F.3d 1398, 1403 (11th Cir. 1998).

Although Defendant does not make an argument as to whether the I-129 petition constitutes intrinsic or extrinsic evidence, the Government contends that the prior I-129 petition is intrinsic evidence because (1) it "arose out of the same series of transactions as the [marriage fraud]" given that both events comprise Defendant's "attempts to gain status in the United States through Fraud," (2) it is "necessary to complete the story of the crime for the jury and give context to the instant crime" given that the denied I-129 petition "created motive for [Defendant] to pursue other ways . . . to gain status in the United States," and (3) the facts of the I-129 petition are "inextricably intertwined with the evidence of the charged offense" given that the USCIS officer who conducted Defendant's marriage interview became suspicious of the marriage in part because

3

of the denied I-129 petition and "will be a key witness at trial." (Doc. # 54 at 4-5). Upon review, the Court agrees with the Government that the I-129 petition constitutes intrinsic evidence under all three criteria for the abovementioned reasons. However, even if this Court had determined that the I-129 petition constituted extrinsic evidence, this Court would nevertheless find that the declined petition passes muster under Fed. R. Evid. 404(b), as detailed below.

### B. I-129 Petition Satisfies Fed. R. Evid. 401 and 402

Defendant submits that the filing of the I-129 petition was an isolated act, too remote in time and circumstances, and not part of the same series of actions that led to the charged offense. (Doc. # 51 at ¶ 12). In arguing that the I-129 petition constitutes intrinsic evidence, the Government contends that the evidence is relevant to its case and the testimony that it plans to present at trial. (Doc. # 54 at 4-5).

According to Fed. R. Evid. 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." A defendant's immigration records can be relevant for showing

4

that the defendant was familiar with immigration procedures. U.S. v. Sahavneh, 480 F. App'x 530, 534 (11th Cir. 2012) (finding defendant's immigration records relevant to show "that [Defendant] was familiar with immigration procedures for obtaining lawful permanent residence status based on marriage to a U.S. citizen").

Although Defendant allegedly filed the I-129 petition with the USCIS almost a year before the charged offense, the allegedly fraudulent petition makes it more probable that Defendant was familiar with the various ways to become a lawful permanent resident in the United States. Furthermore, whether Defendant, in fact, fraudulently completed the I-129 paperwork in order to enter the country is of consequence in determining the present charge. Therefore, the Court finds that the evidence should not be precluded by Fed. R. Evid. 401 or 402.

### C. I-129 Petition Satisfies Fed. R. Evid. 404(b)

Defendant argues that "the filing of I-129 petition does not satisfy the requirements of Fed. R. Evid. 404(b) as it does not help establish any articulable motive, intent, or plan." (Doc. # 51 at ¶ 13). Although the Government contends that the I-129 is intrinsic evidence and thus not subject to Rule 404(b) analysis, it argues that the evidence would still

pass muster under Rule 404(b) because it will help prove Defendant's motive, plan, and intent to commit the charged offense. (See Doc. # 54 at 4).

Under Fed. R. Evid. 404(b), evidence of prior crimes, wrongs, or other acts is admissible at trial only for the purpose of "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Thus, Defendant's I-129 petition is admissible because the Government plans to use it as evidence of Defendant's motive, plan, and intent to become a United States resident by fraudulent means after her temporary status lapsed and her I-129 petition was denied. (Doc. # 54 at 6). Nothing precludes Defendant from introducing evidence to demonstrate that she lacked familiarity with immigration procedures, that she intended to enter the country by legal means, or that she did not prepare the petition. Therefore, the I-129 petition satisfies the requirements of Fed. R. Evid. 404(b).

### D. **I-129 Petition Satisfies Fed. R. Evid. 403**

Pursuant to Fed. R. Evid. 403:

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the

6

jury, wasting time, or needlessly presenting cumulative evidence.

According to Defendant, "whatever marginal probative value the evidence has is substantially outweighed by the danger of unfair prejudice. Admission of the evidence causes a significant risk of confusion of the issues, misleading the jury, and considerations of undue delay and waste of time." (Doc. # 51 at 8). On the other hand, the Government argues that "the fact that the defendant attempted to gain status in the United States through fraud may be prejudicial to the defendant, but it is not unduly or unfairly prejudicial to her." (Doc. # 54 at 7).

The Court agrees with the Government that the prior I-129 filing has probative value that is not substantially outweighed by any undue prejudice to Defendant. See Sahavneh, 480 F. App'x at 535 (finding minimal danger of unfair prejudice that did not outweigh the probative value of immigration records in a trial for conspiracy to commit marriage fraud). Evidence that Defendant filed her I-129 petition with the USCIS in order to gain resident status in the United States through fraud is probative with respect to the specific offense of marriage fraud charged in this case.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Motion in Limine to Exclude Certain Evidence (Doc. # 51) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 21st day of July, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record